Appeal No. 24-5777

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

MICHAEL MITCHUM,

*Plaintiff and Appellant,*

vs.

KORY HONEA, et al.

*Defendants and Appellees.*
_____

On Appeal from a Decision of the United States District Court,
Eastern District of California, Case No. 2:22-cv-02313-DAD-CKD
The Honorable Dale A. Drozd

## APPELLEES' ANSWERING BRIEF

PORTER SCOTT
A Professional Corporation
William E. Camy, SBN 291397
Christopher M. Egan, SBN 232301
Matthew W. Gross, SBN 324007
2180 Harvard Street, Suite 500
Sacramento, CA 95815
Telephone: 916.929.1481
Facsimile: 916.927.3706
Attorneys for Defendant/Appellee
COUNTY OF BUTTE and BUTTE
COUNTY SHERIFF KORY
HONEA

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................. 1

II.  STATEMENT OF JURISDICTION ..................................... 1

III.  LEGAL STANDARD ............................................................ 2

IV.  FACTUAL AND PROCEDURAL BACKGROUND .......................... 3

A. Procedural History ............................................................ 3

B. Allegations From Plaintiff's Complaint ............................ 6

V.  SUMMARY OF ARGUMENTS ........................................... 7

VI.  LEGAL ARGUMENT ......................................................... 8

A. Plaintiff Fails to Allege Sufficient Facts to State a Claim
Under the ADA ................................................................ 8

1. Plaintiff Did Not Allege Sufficient Facts To Show He Is
A Qualified Individual With A Disability Under The ADA .. 10

2. Plaintiff Failed to Plead Any Facts Showing He Was
Denied The Benefits of A Shower or Toilet By Reason
Of His Disability ...................................................... 13

3. Plaintiff's Complaint Did Not Establish Deliberate
Indifference ........................................................... 14

4. The ADA Is Not A Personal Injury Statute ........................ 16

B. The District Court Previously Dismissed Plaintiff's
Allegations Regarding Alleged Lack of Meaningful
Access To A Housing Unit And Therefore Plaintiff's
Argument Is Waived ....................................................... 17

C. The District Court Correctly Dismissed Plaintiff's Complaint Without Leave to Amend on Multiple Grounds ................................ 19

VII.    CONCLUSION ....................................................................... 21

STATEMENT OF RELATED CASES ........................................... 22

BRIEF FORMAT CERTIFICATION ............................................. 23

CERTIFICATE FOR BRIEF IN PAPER FORMAT ...................... 24

CERTIFICATE OF SERVICE ....................................................... 25

# TABLE OF AUTHORITIES

Page(s)

Cases

Armstrong v. Schwarzenegger,
 622 F.3d 1058 (9th Cir. 2010) ..........................................................8
Ashcroft v. Iqbal,
 556 U.S. 662 (2009)............................................................... 10, 13
Bell Atl. Corp. v. Twombly,
 550 U.S. 544 (2007)...........................................................2, 13
Bryant v. Madigan,
 84 F.3d 246 (7th Cir. 1996) ..........................................................16
Cohen v. City of Culver City,
 754 F.3d 690 (9th Cir. 2014) ..........................................................9
Duvall v. County of Kitsap,
 260 F.3d 1124 (9th Cir. 2001) ..........................................................14
Ebner v. Fresh, Inc.,
 838 F.3d 958 (9th Cir. 2016) ..........................................................20
Gribbon v. United Parcel Service, Inc.,
 528 F.3d 1166 (9th Cir. 2008) ..........................................................9
Hunter ex rel. A.H. v. District of Columbia,
 64 F. Supp. 158 (D.D.C. 2014)..........................................................17
In re Broderbund/Learning Co. Secur. Litg.,
 294 F.3d 1201 (9th Cir. 2002) ..........................................................3, 20
Kroessler v. CVS Health Corporation,
 977 F.3d 803 ..........................................................20
Krueger v. Adventist Health System,
 2022 WL 2052652 (June 7, 2022 E.D. Cal.) ..........................................................12
Levin v. Dollar Tree Stores, Inc.,
 No. 06-00605, 2006 WL 3538964 (E.D. Pa. Dec. 6, 2006) ..........................................................17
Pareto v. FDIC,
 139 F.3d 696 (9th Cir. 1998) ..........................................................2
Sanders v. Arneson Prods., Inc.,
 91 F.3d 1351 (9th Cir. 1996) ..........................................................11
Scaperotta v. Wagatsuma,
 2021 WL 1148467 (March 25, 2021 D. Hawaii) ..........................................................11, 12
Simmons v. Navajo Cty.,
 609 F.3d 1011 (9th Cir. 2010) ..........................................................16

Simmons v. Rosales,
    2020 WL 8991819 (E.D. California February 25, 2020) ...............................14
State of Alaska v. United States,
    201 F3d 1154 (9th Cir. 2000) ....................................................................3, 20
Strojnik v. Resort at Indian Springs LLC,
    2020 WL 3470100 (June 25, 2020 N.D. Cal.)........................................ 11, 12
TRW Inc. v. Andrews,
    534 US 19, 34 S.Ct. 442 (2001) ....................................................................19
White v. NCL Am., Inc.,
    No. 05-22030-CIV, 2006 WL 1042548 (S.D. Fla. Mar. 8, 2006)................17
Zimmerman v. Oregon DOJ,
    170 F.3d 1169 (9th Cir. 1999) .......................................................................16

Statutes

28 U.S.C. § 1291.................................................................................................2
28 U.S.C. § 1915A(a) ....................................................................................3, 18
28 U.S.C. §§ 1331, 1343...................................................................................1
42 U.S.C. § 12101(4)(A) ..................................................................................10
42 U.S.C. § 12101(b)........................................................................................16
42 U.S.C. § 12102(1)..........................................................................................9
42 U.S.C. § 12102(2)........................................................................................10
42 U.S.C. § 12131(1)..........................................................................................8
42 U.S.C. § 12132...............................................................................................8

Rules

Fed. R. Civ. P. 8................................................................................................13
Federal Rule of Civil Procedure 8(a)(2) .............................................................2
Federal Rules of Civil Procedure 12(b)(6) .....................................................1, 2
FRAP 32(a)(7)(C) .............................................................................................23
Ninth Circuit Rule 28........................................................................................22
Ninth Circuit Rule 32-1 ....................................................................................23

Regulations

28 C.F.R. pt. 35, app. A .....................................................................................9

# I.

## INTRODUCTION

Plaintiff Michael Mitchum ("Plaintiff") brings a single personal injury claim for relief against the County of Butte ("Defendant" or "County") under the Title II Americans with Disabilities Act ("ADA") for the Butte County Jail allegedly not providing accessible shower stalls or toilets. The District Court correctly granted the County's Federal Rules of Civil Procedure 12(b)(6) Motion to Dismiss without leave to amend on several independent grounds: 1. Plaintiff's Complaint failed to plead facts sufficient to demonstrate that he was a qualified individual with a disability; 2. Plaintiff's Complaint failed to establish that he excluded from showering or using the toilet because of a disability; 3. Title II of the ADA does not apply to employment; 4. The Complaint did not demonstrate that injuries Plaintiff suffered were caused by deliberate indifference of County employees; and 5. Because the ADA was not designed to protect individuals with disabilities from personal injuries. Therefore, the judgment must be affirmed.

# II.

## STATEMENT OF JURISDICTION

The District Court had jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331, 1343. This Court of Appeals has jurisdiction from appeal of

the judgment against Plaintiff under 28 U.S.C. § 1291. The appeal is based upon the final judgment entered September 4, 2024. ER-003. The notice of appeal from the judgment was filed on September 18, 2024. ER-114.

## III.

## <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint's "short and plain statement" must provide "enough facts to state a claim for relief that is plausible on its face" to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007) (quoting Fed. R. Civ. P. 8(a)(2).) A mere recitation of elements that are consistent with a valid theory of recovery is insufficient. <u>Id</u>. at 557. The complaint must include "enough factual matter (taken as true) to suggest" a right to relief. <u>Id</u>. at 556. (parentheses in original). In other words, the complaint must "raise a right to relief above a speculative level," and must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." <u>Id</u>. at 555-57. While factual statements are accepted as true, mere "conclusory allegations of law and unwarranted inferences" are not. <u>Pareto v. FDIC</u>, 139 F.3d 696, 699 (9th Cir. 1998).

A party who does not seek leave to amend a pleading in the District

Court cannot argue on appeal that the district court erred in not granting leave to amend. <u>State of Alaska v. United States</u>, 201 F3d 1154, 1163-1164 (9th Cir. 2000) Additionally, a dismissal without leave to amend is appropriate where the pleading cannot possibly be cured by alleging other facts. <u>In re Broderbund/Learning Co. Secur. Litg.</u>, 294 F.3d 1201, 1203 (9th Cir. 2002)

## IV.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural History

On December 29, 2022, Plaintiff filed a complaint in the Eastern District of California against numerous Defendants. ER-072-113. The Complaint included several causes of action, including an ADA cause of action which sought punitive, compensatory, and nominal damages totaling twenty-one million dollars related to injuries Plaintiff alleges he sustained in violation of his ADA rights. Plaintiff's Complaint did not seek injunctive relief. ER-084; ER-101-102

On March 6, 2023, the court screened Plaintiff's Complaint as required under 28 U.S.C. § 1915A(a). Having conducted the screening, the District Court Magistrate Judge found that Plaintiff may proceed on a claim arising under the Americans with Disabilities Act (ADA) against defendant Butte County "based upon plaintiff's allegations that he suffered injuries as a result of

3

a lack of handrails near toilets and showers." With respect to the other claims and defendants, the Magistrate Judge determined "the allegations do not amount to claims upon which the plaintiff may proceed." (SER) The court gave Plaintiff two options: (1) proceed on a claim arising under the Americans with Disabilities Act (ADA) against Defendant County of Butte based upon Plaintiff's allegations that he suffered injuries as a result of a lack of handrails near toilets and showers; or (2) seek leave to file an amended complaint in an attempt to cure deficiencies in the original complaint concerning other claims and defendants. SER 007-009 On March 21, 2023, Plaintiff filed a Notice of How to Proceed whereby Plaintiff elected to proceed only on the one claim against Defendant County of Butte based upon Plaintiff's allegations that he suffered injuries as a result of a lack of handrails near toilets and showers. SER 006

On March 28, 2023, District Court Magistrate Judge filed findings and recommendations indicating Plaintiff would proceed with one claim under the ADA against Butte County Defendant County of Butte based upon Plaintiff's allegations that he suffered injuries as a result of a lack of handrails near toilets and showers. SER 003-004 The Court recommended that all other claims and defendants be dismissed. SER 003-004

On August 10, 2023, the District Court issued an order adopting in full

the findings and recommendations issued on March 28, 2023, and stated "this action shall proceed on plaintiff's ADA claim against defendant Butte County based on allegations that plaintiff suffered injuries as a result of a lack of handrails near toilets and showers." The Court ordered that "[a]ll other claims brought by plaintiff in this action and all other defendants named in plaintiff's complaint are dismissed." ER 066-068.

The County of Butte ("County") filed a Motion to Dismiss on November 29, 2023. The County's Motion to Dismiss was filed on the grounds that Plaintiff failed to state a plausible claim for relief under Title II of the Americans with Disabilities Act.

On December 18, 2023, the County filed a Reply after not receiving an Opposition. Plaintiff then filed an Opposition to the County's Motion to Dismiss on April 15, 2024 and the County filed its Reply to Plaintiff's Opposition on April 2, 2024.[1]

On July 15, 2024, the District Court issued its Findings and Recommendations that the Motion to Dismiss be Granted without leave to amend for failure to state a claim. The District Court determined that Plaintiff did not adequately identify a qualifying disability. The District Court also

---

[1] Plaintiff's Appeal included his own filings, but did not include any Motion to Dismiss briefing from the County of Butte. Based upon the advisory note for Ninth Circuit local rule 30-1.4, Defendants' original briefing of the motion shall not be included in the SER, since it is largely contained herein.

concluded that several alleged injuries concerned terms of mandated employment, any injury was not caused by deliberate indifference, that Plaintiff was not denied a shower, and that the ADA is not a public safety statue designed to protect those with disabilities from personal injuries. ER-007-013.

On August 5, 2024, Plaintiff filed objections to the Findings and Recommendations. On September 4, 2024, the District Court issued an Order Adopting Findings And Recommendations And Granting Defendant's Motion To Dismiss. ER-004-006. On September 9, 2024, Judgment was entered as to the September 4, 2024, District Court's Order. ER-003. On, on September 28, 2024, Plaintiff filed a Notice of Appeal regarding the Order granting the County's Motion to Dismiss. ER-114.

## B. Allegations From Plaintiff's Complaint

Plaintiff was a pretrial detainee at the Butte County Jail. ER-075 Plaintiff brings a single claim against Defendant under the ADA. ER-085

Plaintiff alleges the subject incident began in 2018. ER-091 Plaintiff alleges he was "forwarded to Butte County Jail Medical Department, medical documents as required for proof of a record of being regarding as an ADA qualified inmate, in order to approve ADA accommodation medical chronos, such as, but not limited to, walking cane, ADA shower chair, lower tier bunk, no stairs." ER-086 lines 18-28.

Plaintiff alleges in conclusory fashion that he is a "qualified ADA housed inmate (mobility limitations) within the custody of" the Jail. ER-086 lines 6-8. Plaintiff alleges he was housed in a section of the Jail that does not have handrails in the showers. ECR 087 lines 25-28. Plaintiff alleges C-Pod, K-Pod, L-Pod, and P-Section are areas of the Jail which did not have handrails in the showers. ER-091 lines 9-11. Plaintiff alleges that on two occasions 2019 his knee slipped out of place while he was cleaning the shower pursuant to the janitorial duties outlined in the County Jail rule handbook. ER 103-104 In January of 2020, Plaintiff alleges he again was cleaning around a toilet as a part of his required janitorial duties when his knee slipped out of place. ER-105. The injury sustained by plaintiff on June 2, 2022, occurred while plaintiff used a shower and was holding onto a wall. Plaintiff alleges he was trying to balance on one foot, but slipped while his right arm held the wall. Plaintiff alleges he injured his right arm due to holding onto the wall. ER-111.

## V.

## <u>SUMMARY OF ARGUMENTS</u>

Plaintiff's ADA personal injury claim against the County failed to plead facts supporting a cause of action for multiple independent reasons. First, Plaintiff's conclusory Complaint did not include facts demonstrating that Plaintiff was a qualified individual with a disability. Second, Plaintiff did not

provide facts establishing he was excluded from showering or using the toilet because of a disability. Third, the allegations in the Complaint do not substantiate that Plaintiff's alleged personal injuries were caused by the County's deliberate indifference. Fourth, the ADA does not apply to Plaintiff's injuries sustained while performing mandated janitorial duties. Fifth, the ADA was not designed to protect individuals with alleged disabilities from personal injuries. Therefore, the judgment must be affirmed.

## VI.

## LEGAL ARGUMENT

### A. Plaintiff Fails to Allege Sufficient Facts to State a Claim under the ADA

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines "public entity" to include "any State or local government" and "any department, agency, ... or other instrumentality of a State." 42 U.S.C. § 12131(1).

As the Ninth Circuit has explained, "the ADA entitles inmates to receive the 'benefits' of the incarcerating institution's programs and services without facing discrimination on account of a disability." Armstrong v.

8

Schwarzenegger, 622 F.3d 1058, 1069 (9th Cir. 2010); *see also* 28 C.F.R. pt. 35, app. A ("It is essential that corrections systems fulfill their discrimination and program access obligations by adequately addressing the needs of prisoners with disabilities, which include, but are not limited to, proper medication and medical treatment, [and] accessible toilet and shower facilities[.]").

To prevail under Title II, the plaintiff must show that: "(1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) this exclusion, denial, or discrimination was by reason of his disability." Cohen v. City of Culver City, 754 F.3d 690, 695 (9th Cir. 2014) (citation omitted).

Whether Plaintiff's condition constituted a disability under the ADA involves three inquiries: (1) "whether [plaintiff's] condition was a physical impairment"; (2) "whether the life activities from which he was impaired (e.g., [mobility]) amounted to major life activities"; and (3) "whether [plaintiff's] impairment substantially limited [him] from performing the identified major life activities." See Gribbon v. United Parcel Service, Inc., 528 F.3d 1166, 1169 (9th Cir. 2008) The term "disability" means "a physical or mental impairment that substantially limits one or more major life activities," "a record of such an impairment," or "being regarded as having such an impairment." 42

U.S.C. § 12102(1). "Major life activities" include walking, standing, and major bodily functions such as bowel and bladder functions. 42 U.S.C. § 12102(2). The definition of "disability" is "construed in favor of broad coverage." 42 U.S.C. § 12101(4)(A).

Here, Plaintiff failed to plead sufficient facts to demonstrate he was a qualified individual with a disability under the ADA. Furthermore, Plaintiff has failed to plead facts to demonstrate that he was excluded from showering by reason of his disability. Plaintiff also cannot recover for personal injuries. As such, his claim fails to plead sufficient facts to support his claim under the ADA.

### 1. Plaintiff Did Not Allege Sufficient Facts To Show He Is A Qualified Individual With A Disability Under The ADA.

Plaintiff's Complaint vaguely alleged in conclusory fashion that he has "mobility limitations". That allegation is insufficient to demonstrate that Plaintiff has a disability which impacts a major life activity. ER- 086 lines 6-8. Plaintiff did not allege what his disability is or how his disability prevented him from using the shower. Instead, Plaintiff only offered conclusory allegations that he is a disabled individual with mobility limitations. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In <u>Scaperotta v. Wagatsuma,</u> 2021 WL 1148467 *9 (March 25, 2021 D. Hawaii), the plaintiff brought an ADA claim for lack of access to a handicapped shower after being authorized temporary use of a wheelchair. The Court determined that the plaintiff failed to state a claim under the ADA because he "[did] not say what disability necessitated these accommodations" or "allege that his impairment was permanent." As the Ninth Circuit has observed, "[s]everal courts have held that a temporary injury with minimal residual effects cannot be the basis for a sustainable claim under the ADA." <u>Sanders v. Arneson Prods., Inc.</u>, 91 F.3d 1351, 1354 (9th Cir. 1996) (citations omitted).

In <u>Strojnik v. Resort at Indian Springs LLC,</u> 2020 WL 3470100 (June 25, 2020 N.D. Cal.) the plaintiff pled he had "a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, [and a] degenerative right knee." that "substantially limit his major life activities" and that he "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation." <u>Id.</u> at *1. The Court found Plaintiff failed to state a claim under the ADA because "Plaintiff described his disability in only the most vague, general term." <u>Id.</u> at *3. The Court found the plaintiff's complaint failed to show he was a qualified individual under the ADA.

Here, Plaintiff's only allegations regarding his disability are that he is

mobility impaired which concludes makes him a qualified individual under the ADA. These allegations are too vague and generalized, similar to the allegations in <u>Scaperotta</u> and <u>Strojnik.</u> Plaintiff's claim that he is a qualified individual under the ADA is also conclusory and insufficient to bring an ADA claim. See <u>Krueger v. Adventist Health System,</u> 2022 WL 2052652 *2 (June 7, 2022 E.D. Cal.) ("The Court agrees with Defendant that Plaintiff's allegations do not satisfy these basic requirements. In particular, Plaintiff has not alleged what her disability is or how her disability prevented her from wearing a face covering. She offers only the conclusory allegations that she is a "disabled individual" and has a "medical exemption" from wearing a mask.") Plaintiff's allegations do not satisfy these basic requirements. Plaintiff does not allege what his disability is, aside from a vague and conclusory allegation that he had mobility limitations.

Plaintiff's forty-two page Complaint lacks any specific allegations necessary to state an ADA claim. It is unclear whether Plaintiff's restrictions for shower and toilet stalls with handrails are due to a disability, and whether that same disability is the reason for his need for an accessible shower and toilet. To the extent Plaintiff alleges that he required an accessible bathroom, there are no allegations or facts as to the basis for that accommodation or the reasons for needing an accessible toilet with handrails. It is also unclear if Plaintiff alleges

his condition was temporary or permanent. Plaintiff does not allege that his impairment has continued. Plaintiff must identify the non-temporary impairment that required his use of an accessible bathroom.

Plaintiff also did not plead that he has an impacted major life activity which might affect him. Plaintiff's failure to properly allege and identify his disability is fatal to his claims. Fed. R. Civ. P. 8; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("a formulaic recitation of the elements of a cause of action will not do"); Ashcroft v. Iqbal, 556 U.S. 662, 668-669 (2009) (holding that (1) courts need not accept as true legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" and (2) only a complaint that states a plausible claim for relief with well-pleaded facts demonstrating the pleader's entitlement to relief can survive a motion to dismiss.). As such, the District Court correctly ruled that Plaintiff failed to allege sufficient facts to support his claim that he is a qualified individual under the ADA.

### 2. Plaintiff Failed to Plead Any Facts Showing He Was Denied The Benefits of A Shower or Toilet By Reason of His Disability.

Plaintiff does not allege a correctional deputy prevented him from accessing the showers based on his disability nor does he allege any affirmative conduct by any County employee to support his claim. The facts alleged in the Complaint do not establish that Plaintiff was denied or excluded from

participating in a shower by reason of his disability. Thus, there are no allegations that Plaintiff was actually denied a service, program, or activity on the basis of his disability. See Simmons v. Rosales, 2020 WL 8991819 *3 (E.D. California February 25, 2020) ("Plaintiff's claim is not based on a denial of a shower on the basis of his disability or a lack of access to a handicapped shower or shower equipment.") As such, this element of the ADA claim also fails.

### 3. Plaintiff's Complaint Did Not Establish Deliberate Indifference.

Plaintiff's Complaint included an ADA cause of action which sought punitive, compensatory, and nominal damages totaling twenty-one million dollars related to injuries Plaintiff alleges he sustained in violation of his ADA rights. Plaintiff's Complaint alleged he fell and was injured in the shower. Plaintiff's Complaint did not seek injunctive relief. ER-084; ER-101-102.

To state a claim for money damages, plaintiff must allege "intentional discrimination on the part of the defendant," and the standard for intentional discrimination is at least deliberate indifference. Duvall v. County of Kitsap 260 F.3d 1124, 1138 (9th Cir. 2001). Deliberate indifference is "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood." Duvall 260 F.3d 1124, 1139.

The allegations in Plaintiff's Complaint are that the jail required him to

clean the shower and toilets. Plaintiff alleges that on two occasions 2019 his knee slipped out of place while he was cleaning the shower pursuant to the janitorial duties outlined in the County Jail rule handbook. ER-103-104 In January of 2020, Plaintiff alleges he again was cleaning around a toilet as a part of his required janitorial duties when his knee slipped out of place. ER-105. The injury Plaintiff sustained on June 2, 2022, occurred while Plaintiff used a shower and was holding onto a wall. Plaintiff was trying to balance on one foot but slipped while his right arm held the wall. Plaintiff alleges he injured his right arm due to holding onto the wall. ER-111. None of Plaintiff's claims include sufficient facts demonstrating that any of the injuries were caused by any County employee deliberate indifference.

Plaintiff's Complaint raised conclusory allegations, and he did not allege that he was denied a shower or even constructively denied a shower. Plaintiff injured himself while cleaning a shower and toilet as a part of his janitorial duties. There are no facts demonstrating that any of these injures, namely that Plaintiff's knee slipping out of place or an injury sustained while holding onto a wall, would be caused by intentional conduct by the County or deliberate indifference. The District Court correctly ruled that Plaintiff was not denied a shower or constructively denied a shower, and therefore there was no ADA violation.

The District Court also separately recognized that Plaintiff's injuries concerned matters of employment, because Plaintiff alleged he was injured as a part of his required janitorial duties. ER 103-105. Title II of the ADA does not apply to employment. <u>Zimmerman v. Oregon DOJ</u>, 170 F.3d 1169, 1178 (9th Cir. 1999).

### 4. The ADA Is Not A Personal Injury Statute

Plaintiff's Complaint included an ADA cause of action which sought punitive, compensatory, and nominal damages totaling twenty-one million dollars related to injuries Plaintiff alleges he sustained in violation of his ADA rights. Plaintiff's Complaint alleged he fell and was injured in the shower. Plaintiff's Complaint did not seek injunctive relief. ER-084; ER-101-102.

In Plaintiff's lengthy Complaint, he acknowledges that he claims injury while in the shower but does not state any reason why he would be entitled to compensation for his alleged personal injury. The District Court's ruling included the following. Finally, as noted in <u>Armbrester v. Alameda County</u>, No. 17-cv-05231-LB, 2018 WL5780044, *3 (N.D. Cal. Nov 1, 2018):

> "The ADA is not a public-safety statute. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." <u>Simmons v. Navajo Cty.</u>, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing <u>Bryant v. Madigan</u>, 84 F.3d 246, 249 (7th Cir. 1996)). "[T]he ADA was not designed to protect those with disabilities from personal injuries . . . . Indeed, 42 U.S.C. § 12101(b) expressly states that the purpose of the ADA is 'the elimination of discrimination against individuals with disabilities.'

. . . . There was no mention of promoting safety or eliminating hazards in the Act[.]" <u>Levin v. Dollar Tree Stores, Inc.</u>, No. 06-00605, 2006 WL 3538964, at *3 (E.D. Pa. Dec. 6, 2006) (some internal quotation marks omitted) (quoting <u>White v. NCL Am., Inc.</u>, No. 05-22030-CIV, 2006 WL 1042548, at *5 (S.D. Fla. Mar. 8, 2006) ). "'[W]hile protection from injury for the disabled is no doubt a fortunate by-product of the ADA, it is clear that the statute was not designed with that purpose in mind[.]'" <u>Hunter ex rel. A.H. v. District of Columbia</u>, 64 F. Supp. 158, 189 (D.D.C. 2014) (quoting <u>White</u>, 2006 WL 1042548, at 5)."

Plaintiff's Opening Brief does not address this portion of the District Court's ruling, which demonstrates the ADA was not designed to protect those with disabilities from personal injuries as alleged here by Plaintiff against the County.

## B. The District Court Previously Dismissed Plaintiff's Allegations Regarding Alleged Lack of Meaningful Access To A Housing Unit And Therefore Plaintiff's Argument Is Waived.

Plaintiff's Opening Brief includes allegations that Butte County guards confiscated Plaintiff's cane and spent two days dragging him through the hallway in 2020. (AOB pg. 5-6, 27) Plaintiff alleges this is a separate instance of disability discrimination, referring to it as a lack of meaningful access to a housing unit. Plaintiff erroneously asserts that the District Court overlooked this claim. (AOB pg. 27)

Plaintiff fails to mention, and does not include in the Excerpts of Record, Plaintiff's 2023 agreement that his ADA lawsuit was limited to "allegations that

he suffered injuries as a result of a lack of handrails near toilets and showers." On March 6, 2023, the court screened Plaintiff's Complaint as required under 28 U.S.C. § 1915A(a). Having conducted the screening, the District Court Magistrate Judge found that Plaintiff may proceed on a claim arising under the Americans with Disabilities Act (ADA) against defendant Butte County "based upon plaintiff's allegations that he suffered injuries as a result of a lack of handrails near toilets and showers." With respect to the other claims and defendants, the Magistrate Judge determined "the allegations do not amount to claims upon which the plaintiff may proceed." SER 007-010 The court gave Plaintiff two options: (1) proceed on a claim arising under the Americans with Disabilities Act (ADA) against Defendant County of Butte based upon Plaintiff's allegations that he suffered injuries as a result of a lack of handrails near toilets and showers; or (2) seek leave to file an amended complaint in an attempt to cure deficiencies in the original complaint concerning other claims and defendants. SER 007-009

On March 21, 2023, Plaintiff filed a Notice of How to Proceed whereby Plaintiff elected to proceed only on the one claim against Defendant County of Butte based upon Plaintiff's allegations that he suffered injuries as a result of a lack of handrails near toilets and showers. SER 006

On March 28, 2023, District Court Magistrate Judge filed findings and

recommendations indicating Plaintiff would proceed with one claim under the ADA against Butte County Defendant County of Butte based upon Plaintiff's allegations that he suffered injuries as a result of a lack of handrails near toilets and showers along with the recommendation that all other claims and defendants be dismissed. SER 003-004 On August 10, 2023, the District Court issued an order adopting in full the findings and recommendations issued on March 28, 2023. ER-066-068.

Plaintiffs' Opening Brief did not specifically and distinctly argue that the Magistrate's March 28, 2023, findings and recommendations or the August 10, 2023, District Court Order were incorrect. Additionally, those findings and order were not referenced in Plaintiff's Notice of Appeal. Therefore, any attempt to change the scope of the Complaint to include allegations of dragging Plaintiff through the hallways as denying meaningful access to a housing unit are waived. *Moran v. Screening Pros,* LLC 25F4th 722, 728, fn.6 (9th Cir. 2022); *TRW Inc. v. Andrews*, 534 US 19, 34 S.Ct. 442, 451 (2001).

## C. The District Court Correctly Dismissed Plaintiff's Complaint Without Leave to Amend on Multiple Grounds.

Plaintiff did not seek leave to amend in his opposition to the County's Motion to Dismiss. A party who does not seek leave to amend a pleading in the District Court cannot argue on appeal that the district court erred in not granting

leave to amend. <u>State of Alaska v. United States</u>, 201 F3d 1154, 1163-1164 (9th Cir. 2000) Ordinarily, the Court's denial of leave to amend is reviewed for abuse of discretion. <u>Ebner v. Fresh, Inc</u>. 838 F.3d 958, 963 (9th Cir. 2016) However, if a district court denies leave to amend based on the futility of the amendment or inability to allege a valid cause of action, the court reviews the decision de novo. <u>Kroessler v. CVS Health Corporation</u>  977 F.3d 803,807.

Here, the District Court correctly granted the County's Motion to Dismiss Plaintiff's lengthy Complaint on several independent grounds, which were that Plaintiff did not adequately identify a qualifying disability, Plaintiff's injuries occurred while engaging in employment by completing mandated janitorial duties, Plaintiff failed to state facts establishing that the County was deliberately different, Plaintiff failed to demonstrate he was denied a shower, and because Plaintiff's personal injury claim does not apply to the ADA as it is not a public safety statute. ER-004 ER-0013. The District Court's Order, which considered Plaintiff's Objections to the Findings and Recommendations, stated that Plaintiff's ADA claims would be still subject to dismissal based on other reasons even if Plaintiff were to allege his disability with the requisite specificity.  ER-005. A dismissal without leave to amend is appropriate where the pleading cannot possibly be cured by alleging other facts. (<u>In re Broderbund/Learning Co. Secur. Litg.</u>, 294 F.3d 1201, 1203 (9th Cir. 2002) The

District Court correctly denied leave to amend because there are multiple independent reasons why Plaintiff's Complaint failed to state a claim under the ADA.

## VII.

## <u>CONCLUSION</u>

For all the foregoing reasons, the judgment should be affirmed.

Date: April 3, 2025
                           PORTER SCOTT
                           A Professional Corporation


                           By <u>/s/ Christopher M. Egan</u>
                               William E. Camy
                               Christopher M. Egan
                               Matthew W. Gross

## **STATEMENT OF RELATED CASES**

Pursuant to Ninth Circuit Rule 28-2.6, there are no other cases pending before this Court related to this case.

/s/ Christopher M. Egan
Christopher M. Egan

## <u>BRIEF FORMAT CERTIFICATION</u>

Pursuant to FRAP 32(a)(7)(C) and Ninth Circuit Rule 32-1, I certify that the attached Appellees' Answering Brief is proportionally spaced, has a typeface of 14 points and contains approximately 4,625 words according to the word-processing program.

<u>/s/   Christopher M. Egan</u>
Christopher M. Egan

## <u>CERTIFICATE FOR BRIEF IN PAPER FORMAT</u>

### Ninth Circuit Case No. 24-5777

I, Christopher M. Egan, certify that this brief is identical to the version submitted electronically on April 3, 2025, pursuant to Rule 6(c) of the Administrative Order Regarding Electronic Filing in All Ninth Circuit Cases.

Dated: April 3, 2025        <u>/s/ Christopher M. Egan</u>
                                    Christopher M. Egan

## <u>CERTIFICATE OF SERVICE</u>

### Ninth Circuit Case No. 24-5777

I hereby certify that I electronically filed the foregoing Appellees' Answering Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 3, 2025.

I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

Dated: April 3, 2025                     <u>/s/ Cindy A. Grandinetti</u>
                                                        Cindy A. Grandinetti